# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.  No. 02-CR-2069

BOBBY A. SANCHEZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court pursuant to an Order from the Tenth Circuit Court of Appeals issuing a Partial Remand, filed March 2, 2005 (*Doc. 139*).  The sole issue before the Court on remand is whether Defendant's failure to comply with the timing requirement of Fed. R. App. P. 4(b)(1)(A)(i) ("the Rule") was the result of excusable neglect or good cause, warranting this Court's extension of the filing deadline.

The Rule imposes a ten-day deadline for filing an appeal as to a criminal judgment.  Fed. R. App. P. 4(b)(1)(A)(i).  Here, the applicable filing deadline was January 5, 2005 and Defendant filed his *pro se* notice of appeal on January 21, 2005, sixteen (16) days late.

Rule 4(b)(4) provides that the District Court may extend the time to file a notice of appeal up to thirty (30) days.  The Court must consider all relevant circumstances surrounding the party's omission as well as the following factors: (1) the danger of unfair prejudice to the non-moving party;

(2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993); *United States v. Vogel*, 374 F.3d 976, 981-82 (10th Cir. 2004). In this case, the Court has before it a handwritten letter from Defendant dated January 19, 2005, addressing the Judge who sentenced him. The letter explains that Defendant attempted in vain to contact his attorney for assistance in filing his appeal. Specifically, Defendant states that he attempted to contact his attorney "immediately" after his sentencing to "discuss the possibilities of an appeal" but was "unsuccessful."[1]

First, the Court construes Defendant's letter as requesting leave to file a late appeal. Next, the Court determines that the reason for the moderately brief sixteen-day delay was apparently lack of response from Defendant's attorney, which was beyond Defendant's control. The Court further finds Defendant's letter of January 19, 2005 indicative of a good faith effort on the part of Defendant to comply.

In sum, considering all circumstances and applying the relevant factors, the Court determines that extension of the filing deadline is warranted here, as Defendant's failure to meet the time limitation imposed by Fed. R. App. P. 4(b)(1)(A)(i) constitutes excusable neglect and was based on good cause. Thus, the Court exercises its discretion to extend the filing deadline by thirty (30) days to encompass January 21, 2005.

WHEREFORE,

---

[1] Defense counsel of record for Defendant Sanchez is Noel Orquiz. Curiously, the Court found no listing for Mr. Orquiz in the 2004-2005 State of New Mexico Bench and Bar Directory.

**IT IS ORDERED** that leave is granted for filing of Defendant's late appeal.

Dated May 18, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE